IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DALE MAURICE PINKHAM, SR.,** | No. 3:24-CV-1416 |
| Petitioner | |
| | (Judge Munley) |
| v. | |
| | |
| **M. ARVIZA,** | |
| Respondent | |

## MEMORANDUM

Petitioner Dale Maurice Pinkham, Sr., initiated the above-captioned action by filing a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. He alleges that the Federal Bureau of Prisons (BOP) improperly sanctioned him with the loss of good conduct time for a disciplinary infraction that he did not commit. For the following reasons, the court will deny Pinkham's Section 2241 petition.

I.  **BACKGROUND**

Pinkham is currently serving a 240-month sentence imposed by the United States District Court for the District of Maine for controlled substance and firearms offenses. (See Doc. 7-2 ¶ 3). His current projected release date, via good-conduct time, is October 9, 2033. (Id.)

On April 2, 2023, while incarcerated at FCI Allenwood Medium, Pinkham was attacked by another inmate (Ronald Dopler) while watching television.

According to the incident report, closed-circuit television (CCTV) footage depicted the incident as follows:

> [A]t approximately 6:44 p.m., Dopler approaches Pinkham at the Unit TV Viewing Area, and strikes him with a closed[-]fist punch to his face. Both inmates begin to push and shove each other and attempt to throw the other to the ground. As Dopler and Pinkham were beginning to be separated, Dopler continued to throw closed[-]fist punches to Pinkham's head. Both inmates were separated, placed into hand restraints, and escorted to the Special Housing Unit without further incident.

(Doc. 7-5 at 2). Pinkham and Dopler were charged with violating Code 201 – "Fighting with another person." (Id.); 28 C.F.R. § 541.3 (Table 1).

When appearing before the Unit Discipline Committee (UDC) for the alleged infraction, Pinkham disputed the charge. (Doc. 7-5 at 3). He asserted that "this was an assault" and that he was protecting himself, asked the UDC to review the CCTV footage, and argued that the charge against him was unfounded. (Id.)

Based on the severity of the charge, the UDC referred the incident to a Discipline Hearing Officer (DHO) for a hearing. (Id.) That hearing was held on May 10, 2023. (See Doc. 7-6 at 2). Pinkham once again denied the fighting charge. At the hearing, he stated, "I am not guilty of fighting. I was watching the evening news, [Dopler] jumped up and started punching me[;] I was just defending myself." (Id.)

The DHO, relying on Pinkham's "admission that [he was] 'defending [him]self,'" the "SIS Report which corroborates the incident report," and the Incident Report itself, found Pinkham had committed the prohibited act of "fighting with another person" as charged. (Id. at 3-4). The DHO sanctioned Pinkham with disallowance of 27 days' good conduct time and loss of commissary privileges for six months. (Id. at 4). Pinkham also asserts that his custody level was increased by four points. (Doc. 1 at 2).

Pinkham administratively appealed his disciplinary conviction to the Regional Director and then to the BOP's Central Office. (See Doc. 1-1). After exhausting administrative remedies, he filed the instant Section 2241 petition in this court. (See generally Doc. 1). He primarily seeks reduction of his custody level back to "14" from its post-incident increase to 18. (Id. at 2, 7). Pinkham's petition is fully briefed and ripe for disposition.

## II. DISCUSSION

Pinkham does not allege any procedural due process deficiencies with respect to the BOP's prosecution of the charged offense. Rather, he simply maintains that he was not fighting because he acted purely in self-defense to Dopler's unprovoked attack, thus essentially challenging the sufficiency of the evidence. While the court is not unsympathetic to Pinkham's circumstances, his claim of self-defense does not warrant habeas relief.

3

When an inmate challenges the sufficiency of the evidence in a prison disciplinary proceeding that resulted in the loss of good conduct time, "the requirements of due process are satisfied if *some evidence* supports the decision" to revoke good-time credits. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985) (emphasis added). Determining whether this standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id. Rather, the relevant inquiry for the court is whether there is "any evidence in the record that could support the conclusion" reached by the decisionmaker. Id. at 455-56; see also Denny v. Schultz, 708 F.3d 140, 144 (3d Cir. 2013) ("[T]he 'some evidence' standard is a standard of appellate review to be applied by the district court rather than a burden of proof in a prison disciplinary proceeding." (citation omitted)).

Pinkham's self-defense claim is not frivolous. It is clear from the recitation of facts in the Incident Report that Dopler attacked Pinkham without provocation and that Pinkham's only involvement was that "both inmates beg[a]n to push and shove each other and attempt to throw the other to the ground." (Doc. 7-6 at 4). Moreover, even as they were being separated, Dopler "continued to throw closed[-]fist punches" at Pinkham's head. (Id.)

4

Nevertheless, a claim self-defense—even if well-founded—does not render a fighting charge categorically improper or legally defeated. Unlike criminal proceedings, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

Thus, a prisoner who is defending himself but still involved in a "fight" could be found to have committed the prohibited act of fighting with another person. See Jones v. Cross, 637 F.3d 841, 848 (7th Cir. 2011) (holding "the DHO was under no constitutional obligation to allow Jones's claim that he was merely defending himself to serve as a complete defense to the charge of assault"); Boyer v. Veach, 150 F. App'x 556, 557-58 (7th Cir. 2005) (nonprecedential) (explaining, in response to self-defense claim to fighting charge, "we have previously held that the Due Process Clause does not require prison administrators to entirely excuse disciplinary violations on the basis of self-defense." (citing Rowe v. DeBruyn, 17 F.3d 1047, 1054 (7th Cir. 1994))); see also Gorbey v. Warden Lewisburg USP, No. 21-3082, 2023 WL 2643850, at *2 (3d Cir. Mar. 27, 2023) (nonprecedential) (holding that, where inmate claimed self-defense but admitted that he had "pushed the other inmate," there was "some evidence" of violation of Code 201); cf. MacMillan v. Pontesso, 73 F. App'x 213, 214 (9th Cir. 2003) (nonprecedential) (noting that "even if MacMillan

5

has a constitutional right to assert self-defense, the fact that he was not permitted to assert that right in whole or in part in response to an alleged violation of Code 201 does not necessarily render Code 201 unconstitutional."). As the United States District Court for the District of New Jersey has reasoned, "a policy that would permit prisoners to use reasonable force in self-defense when another inmate initiated a fight could result in an escalation of violence and pose a serious challenge to maintaining the safety of inmates and staff." Salamon v. Knight, No. 1:23-cv-72, 2024 WL 939643, at *7 (D.N.J. Mar. 5, 2024) (Bumb, C.J.).

On habeas review, district courts do not reexamine the entire record, determine the credibility of witnesses, or reweigh the evidence. Rather, the singular question this court must answer is whether there was "any evidence in the record" that could support the DHO's conclusion that Pinkham committed the charged act of fighting with another person. The court must answer that question in the affirmative. In particular, the DHO relied on the SIS Report and Incident Report, which noted that CCTV footage showed both Pinkham and Dopler "begin to push and shove each other and attempt to throw the other to the ground." (Doc. 7-5 at 2). Thus, because there is some evidence of "fighting," the court will deny Pinkham's habeas petition notwithstanding his credible assertion that he acted in self-defense.

## III. CONCLUSION

Based on the foregoing, the court will deny Pinkham's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

Date: 1/14/25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court